United States District Court

Eastern District of California

Geoffrey Jones,

    Petitioner,

vs.

Roseanne Campbell, Warden,

    Respondents.

No. Civ. S 04-2424 DFL PAN P

Findings and Recommendations

-oOo-

Petitioner, a prisoner without counsel, seeks a writ of habeas corpus.  See 28 U.S.C. § 2254.  Respondent[1] moves to dismiss upon the ground the petition is untimely.  Petitioner opposes.

Petitioner was convicted March 8, 2001.

Petitioner appealed and the appellate court affirmed May 16, 2002.

Petitioner filed a petition for review in the California

---

[1] Respondent requests the court correct the spelling of her name from "Roxanne," to "Roseanne."  The request is granted.

1  Supreme Court.  That court denied review July 24, 2002.

2  June 18, 2003, petitioner filed an application for a writ of
3  habeas corpus in this court.  June 22, 2004, this court dismissed
4  the application upon the ground petitioner failed to exhaust
5  available state remedies.

6  December 12, 2003, petitioner filed an application for a
7  writ of habeas corpus in the California Supreme Court.  September
8  22, 2004, that court denied the writ.

9  November 12, 2004, petitioner filed a new federal habeas
10 petition.  In an order signed January 7 and filed January 11,
11 2005, I directed respondent to file and serve a response to the
12 petition within 60 days of that order.  March 14, 2005,
13 respondent filed and served the motion to dismiss.  Measuring
14 from the date the Clerk of the Court filed my order, respondent's
15 motion is timely.  See Johnson v. Mammoth Recreations, Inc., 975
16 F.2d 604, 606 (9th Cir. 1992)(measuring time for joining
17 additional parties from date scheduling order was filed).

18 I therefore consider the merits of respondent's motion.

19 A one-year limitation period for seeking federal habeas
20 relief begins to run from the latest of the date the judgment
21 became final on direct review, the date on which a state-created
22 impediment to filing is removed, the date the United States
23 Supreme Court makes a new rule retroactively applicable to cases
24 on collateral review or the date on which the factual predicate
25 of a claim could have been discovered through the exercise of due
26 diligence.  28 U.S.C. § 2244(d)(1).  The judgment on direct

review became final October 22, 2002, when the 90-day limit for filing a petition for certiorari expires. <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999). A properly filed state post conviction application tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002).

Petitioner had until October 22, 2003, to file in federal court. Absent tolling, petitioner's November 12, 2004, petition is late.

Petitioner is not entitled for tolling for the time his unexhausted habeas petition was pending in this court. <u>Duncan v. Walker</u>, 531 U.S. 991 (2001). Nor is petitioner entitled to tolling for the time his December 12, 2003, petition was pending in the California Supreme Court because it was filed after the federal limitation period expired. <u>See</u> <u>Fergusun v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed).

Petitioner does not assert he is entitled to equitable tolling.

For these reasons, respondent's March 14, 2005, motion should be granted and this action should be dismissed as untimely.

1 | Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
2 | findings and recommendations are submitted to the United States
3 | District Judge assigned to this case.  Within 20 days after being
4 | served with these findings and recommendations, petitioner may
5 | file written objections.  The document should be captioned
6 | "Objections to Magistrate Judge's Findings and Recommendations."
7 | The district judge may accept, reject, or modify these findings
8 | and recommendations in whole or in part.
9 | Dated: January 5, 2006.

　　　　　　　　　　　　　　　　/s/ Peter A. Nowinski
　　　　　　　　　　　　　　　　PETER A. NOWINSKI
　　　　　　　　　　　　　　　　Magistrate Judge

4